IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 08-00067-01-CR-W-NKL |
| JORGE ALFREDO CARO-RUSSEL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On May 13, 2008, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

## *I. BACKGROUND*

On March 11, 2008, an indictment was returned, charging Defendant with illegal re-entry into the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Defendant was present, represented by appointed counsel Travis Poindexter. The government was represented by Assistant United States Attorney Jane Brown. The proceedings were recorded and a transcript of the hearing was filed on May 14, 2008.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

2

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On August 10, 2006, an indictment was returned charging Defendant with illegal re-entry into the United States after having been previously deported, in violation of 8 U.S.C. § 1326 (Tr. at 3-4). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 3-4).

3. The statutory penalty range is a sentence of imprisonment of not more than twenty years, a fine of up to $250,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 4).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 5-6);

   c. That Defendant is presumed innocent, and the government has the

3

burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6-7);

  d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7-8);

  e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 8-9);

  f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 9); and

  g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 10).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 10-11).

6. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 11). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 11). Defendant stated that he understood (Tr. at 11).

7. Government counsel stated that this has been an open file case (Tr. at 11). If this case were to be tried, the government's evidence would be that on February 19, 2008, the Kansas City Police Department conducted a consensual search for illegal drugs at 429 North Hardesty in Kansas City, Missouri (Tr. at 12). During the search, Defendant walked in the back door of the home (Tr. at 12). Defendant admitted to police that he was a citizen and resident of Mexico and was illigally
4

present in the United States (Tr. at 12). He was then arrested and processed by Immigration and Customs Enforcement (Tr. at 12). Upon examination of Defendant's fingerprints, the FBI confirmed Defendant had been convicted of a felony and was deported in May of 2005 (Tr. at 12). At the time Defendant was removed from the United States he was given a I-294 form, which warned him he could not reenter the United States without the express consent of the Attorney General (Tr. at 12-13). Defendant signed the form and placed his thumb print on the document (Tr. at 13). When Defendant reentered the United States as alleged in the indictment, he did not have the consent of the Attorney General (Tr. at 13).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 13). Additionally, Defendant wanted to accept responsibility and wished to plead guilty to the offense (Tr. at 13).

9. Defendant was placed under oath (Tr. at 14). He admitted that he was in Kansas City, Missouri around May 14, 2005, after having been previously deported following a felony conviction (Tr. at 14). He further admitted that he reentered the United States without permission from the Attorney General (Tr. at 15). In his own words, Defendant stated he knew he should not have come into the United States and was aware he was guilty (Tr. at 15).

10. There is no plea bargain arrangement (Tr. at 2).

11. Defendant is satisfied with the representation he has received from Mr. Poindexter (Tr. at 15). There is nothing he has done that Defendant did not want him to do, and there is nothing Defendant wanted him to do that he has not done (Tr. at 15).

12. Defendant is thirty-two years old and completed high school (Tr. at 15-16). He has

5

not had any difficulty understanding the change-of-plea hearing (Tr. at 16). Defendant does not have any physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 16). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 16).

13. Defendant tendered a plea of guilty to the crime charged in the indictment (Tr. at 17).

## V. ELEMENTS OF THE CHARGED OFFENSE

In order to sustain a conviction for illegal re-entry, the government must prove "that the defendant (1) is an alien, (2) was previously deported, and (3) has re-entered the United States without proper permission." United States v. Rodriguez-Arreola, 270 F.3d 611, 619 n.15 (8th Cir. 2001) (quoting United States v. Gornez-Orozco, 188 F.3d 422, 425 (7th Cir. 1999)).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in the indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 14, 2008